# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DT LAND DEVELOPMENT, LLC,                        )
a New Mexico Limited Liability Company;          )
TERRY D. CORLIS, Individually;                   )
DONALD R. VERNON, Individually; and              )
CV LAND & DEVELOPMENT COMPANY, LLC,              )
a New Mexico Limited Liability Company,          )
                                                 )
       **Plaintiffs,**                            )
                                                 )
v.                                               )          No. Civ. 09-00844 RB WDS
                                                 )
WEST LB AG, a New York Branch,                   )
a German Commercial Bank,                        )
                                                 )
       **Defendant.**                             )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court for a determination whether, under the first-to-file rule, this case should proceed in the United States District Court for the District of New Mexico, or, be stayed until the resolution of a parallel suit filed in the United States District Court for the District of Colorado.  This matter also presents a related issue for decision: if this Court determines that the case should proceed first in the District of New Mexico, should the Court then stay the proceedings pursuant to the automatic stay provision of the bankruptcy code.

Having fully considered the parties filings and the relevant case law, the Court concludes the case should proceed first in the District of New Mexico, but enters a temporary stay pending the decision of the United States Bankruptcy Court for the District of Colorado on the applicability of an automatic stay.  If the Bankruptcy Court determines that an automatic stay applies, then these proceedings will be stayed until the final disposition of the bankruptcy proceedings or the lifting of the stay by the Bankruptcy Court.

## I.     FACTUAL BACKGROUND

This matter arose out of a planned real estate development project formulated by Plaintiffs DT Land Development, LLC (DT Land) and CV Land and Development Company, LLC (CV Land).  Together, the companies developed a plan to construct, own, and operate a shopping center and a three tower office complex in Albuquerque, New Mexico.  To fund this real estate development project, DT Land and CV Land sought financing from Commercial Capital Inc. (CCI). CCI made two commercial real estate loans of $3,421,894 each to CV Land.  CV Land executed a promissory note payable to the order of CCI on August 30, 2007, and the loans were secured by mortgages placed on the real estate development project and personally guaranteed by Plaintiffs Terry Corlis and Donald Vernon.  Additionally, CCI made a commercial real estate loan of $5,449,843 to DT Land.  DT Land executed a promissory note payable to the order of CCI on April 30, 2008.  This loan was also secured by a mortgage encumbering the real estate development project and personally guaranteed by Plaintiffs Terry Corlis and Donald Vernon.  On January 5, 2007, CCI sold these loans to CCI Funding 1, LLC (CCI-F), although CCI remained the servicer of the loans.  Defendant West LB AG, New York Branch (West), a German banking corporation doing business in the United States, loaned money to CCI-F for the purchase of the loans.  This loan to CCI-F was secured by a security interest in the CV Land and DT Land loans.

## II.    DISTRICT COURT CASES

This matter is one of two parallel cases currently pending in federal district court.  The first action was brought by Plaintiffs DT Land, CV Land, Terry Corlis, and Don Vernon against Defendant West.  A complaint was filed on June 12, 2009 in the Second Judicial District Court in Bernalillo County, New Mexico. (Doc. 1-1 at 7.)  Defendant West then removed the case to the United States District Court for the District of New Mexico on August 31, 2009. (Doc. 1.)  The

complaint generally alleges that West coordinated and conspired with its agents CCI and CCI-F to finance the purchase and construction of the real estate development project formulated by Plaintiffs in such a manner as to effectively steal the project by charging fees, costs, interest, and capital fees well in excess of the prevailing rates, by refusing to fund the project to completion by the terms of the loan agreements, and by demanding repayment of the loans after breaching the loan agreements by failing to advance the monies necessary to complete construction. (Doc. 1-1 at 10.)   The complaint alleges eleven separate counts of wrongdoing, requesting both equitable relief and monetary damages.

The second action, *West LB AG, New York Branch v. DT Land Dev., LLC, et al.*, No. 09-cv-01931-REB-BNB (D. Colo.), was filed on August 13, 2009 in the United States District Court for the District of Colorado by West against the Plaintiffs of the New Mexico action. (Doc. 27-1.)  In the Colorado federal district court case, West seeks a declaratory judgment negating the underlying premises of Plaintiffs' claims in the New Mexico case. (Doc. 27-1 at 9–10.) The Colorado case has been stayed pursuant to an order by United States District Judge Robert E. Blackburn entered June 25, 2010 denying without prejudice Defendant's motion to dismiss the declaratory action and deferring to the United States District Court for the District of New Mexico "for a determination as to which of these two parallel federal actions should proceed." *West LB AG*, No. 09-cv-01931-REB-BNB, Order Re: Defendant's Motion to Dismiss, Doc. 100 (D. Colo. June 25, 2010).

On July 26, 2010, United States Magistrate Judge Robert Hayes Scott for the District of New Mexico filed an Order Granting Motion for Rule 16 Scheduling Conference and Setting Briefing Schedule directing the parties to simultaneously file briefs on the first-to-file issue raised by Judge Blackburn by August 13, 2010 and to file responses by August 27, 2010. (Doc. 25.)  This issue has been fully briefed by the parties and is before the Court for a decision.

III.    BANKRUPTCY CASES

On April 22, 2009, CCI filed a Chapter 11 Petition. (Doc. 27-2 at 3.)  This bankruptcy case is currently pending before the United States Bankruptcy Court for the District of Colorado. *In re Commercial Capital, Inc.*, Case No. 09-17238-MER (Bankr. D. Colo.).  On April 24, 2009, CCI-F filed a Chapter 11 petition. (Doc. 27-2 at 3.)  This case is also currently pending before the United States Bankruptcy Court for the District of Colorado. *In re CCI Funding I, LLC*, Case No. 09-17437-MER (Bankr. D. Colo.).  In an adversary complaint filed in the United States Bankruptcy Court for the District of Colorado, CCI-F's Trustee in Bankruptcy asserts that the CV Land and DT Land loans are in default and seeks to enforce and collect on the loans from CV Land, DT Land, Corlis, and Vernon. (Doc. 27-2.)

IV.    ANALYSIS

A.    First-to-File

The first issue before the Court is, between the two parallel lawsuits—the first filed in New Mexico and the second filed in the United States District Court for the District of Colorado—which of the lawsuits should proceed first. (Doc. 25.)  In its Memorandum Brief in Support of its Position that the Colorado Action Should Proceed in Advance of this Case (Doc. 27), Defendant West argues that because the action before this Court was commenced in violation of the automatic stay in bankruptcy under 11 U.S.C. § 362(a), the Colorado case should proceed first.  This argument, however, ignores the fact that, if the proceedings before this Court were commenced in violation of Section 362(a), then the action Defendant commenced before the Colorado federal district court also violated Section 362(a), as it implicates essentially the same facts, parties, issues, and claims as the case at hand.

Defendant correctly asserts, that any action taken in violation of the automatic bankruptcy

4

stay is void *ab initio*. *Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371, 372–73 (10th Cir. 1990).

> Under section 362(a), the filing of a bankruptcy petition creates a broad automatic stay protecting the property of the debtor. Ordinarily, any action taken in violation of the stay is void and without effect, even where there is no actual notice of the existence of the stay. Nevertheless, equitable principles may, in some circumstances, be applicable to claimed violations of the stay.

*Job v. Calder*, 907 F.2d 953, 956 (10th Cir. 1990). Accordingly, Defendant argues that the New Mexico case should be treated as a nullity, as if it were never filed, and the Colorado case should proceed first. Under this reasoning, however, the Colorado case must not constitute a violation of the automatic stay. For this to be true, the Court would have to find that West's declaratory action does not constitute an action against the property interests of the bankruptcy debtors, CCI and CCI-F. In its memorandum, West asserts that any litigation that "affects the property interests of the debtor constitutes a violation of the automatic stay under section 362," but fails to explain how the declaratory action it filed in Colorado federal district court does not constitute an action affecting the debtors' property interests. (Doc. 27 at 9.)

In the Court's view, the New Mexico and the Colorado federal district court actions equally do, or do not, affect the debtors' property interests, as they are essentially mirror images of each other. The fact that West's suit was framed as a declaratory judgment action does not change the core issues of the dispute. For example, in its prayer for relief, Defendant specifically cites to Count III of Plaintiffs' New Mexico Complaint (Imposition of Constructive Trust) and requests that the Court enter a declaratory judgment stating that "to the extent West LB has any secured interest in personal or real property of CCI, CCIF or the Defendants, such interests are valid and perfected and should remain in full force and effect." (Doc. 27-1 at 10.) The automatic stay, however, prohibits any act "to exercise control over property of the estate" or "to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(3)&(4). West, however, requests a

declaratory judgment that its interest in the property is perfected, potentially affecting the debtors' property interests and violating an automatic stay.  In fact, in its Complaint for Declaratory Judgment, West states that the "resolution of this case could affect the value of the Debtors' property." (Doc. 27-1 at 8.)  Accordingly, if applicable, an automatic stay could void both actions.

The Court also notes that the automatic stay provision does not bar Plaintiffs from asserting claims against West, but only limits potential claims insofar as they impact the bankruptcy debtors' property interests. *See In re Hogan*, No. 04-12336C-7G, 2004 WL 35101112, at *1 (M.D.N.C. Oct. 18, 2004).  In the case at hand, if applicable, the automatic stay would likely apply to Plaintiffs through 11 U.S.C. § 362(a)(3) of the bankruptcy code, prohibiting "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  The language of this subsection is distinct, however, from section 362(a)(1), which prohibits the "commencement" of any action to recover a claim against the debtor.  The present action is not against the debtors in bankruptcy, CCI or CCI-F, but against West; therefore, the automatic stay can only apply to this action if it somehow affects the debtors' property interests. Defendant asserts that the general thrust of Plaintiffs' complaint is lender liability, that it is an "obvious attempt to do an end run around the automatic stay in bankruptcy," and that Plaintiffs should have named CCI as Defendant. (Doc. 27 at 6.)  While this may later prove to be the case, CCI was not named as a party in the complaint; and therefore, the automatic stay provision only prohibits Plaintiffs from pursuing those claims against West affecting the bankruptcy debtors' property.  Now is not the time to address the merits of Plaintiffs' action against West.

Finally, the first-to-file issue should be decided before the Court determines whether an automatic stay is applicable because it relates directly to the Court's jurisdiction.  In any action, a Court must first answer the fundamental question whether it may exercise jurisdiction over the

parties and subject matter of the case. "[T]he 'first-to-file' rule permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court." *See Baseball, Inc. v. Bd. of Regents of the Univ. Sys. of Ga.*, No. 98-4098, 1999 WL 682883 at \*2 (10th Cir. 1999). As Judge Blackburn stated:

> I perceive an even more fundamental issue that must first be resolved before defendants' arguments can ripen into justiciable issues. Regardless of whether this court has subject matter and personal jurisdiction over defendants, whether venue is proper in this district, and whether plaintiff has failed to state claims on which relief may be granted, the fact remains that there are now two parallel federal lawsuits implicating the same set of facts, one in which the claims are pled substantively and the other in which plaintiff seeks a declaratory judgment negating the underlying premises of those substantive claims. These circumstances implicate the principles of judicial comity and efficiency embodied in the first-to-file rule.

*West LB AG*, No. 09-cv-01931-REB-BNB, Order Re: Defendant's Motion to Dismiss, Doc. 100, at 3 (D. Colo. June 25, 2010). Furthermore, contrary to West's assertions that an automatic stay makes this matter void *ab initio* and it should therefore be dismissed without any further consideration (Doc. 27 at 10), the Court concludes that because the first-to-file issue relates to its jurisdiction, the Court has the power, at the very least, to decide this issue before staying or dismissing the action. *See United States v. United Mine Workers*, 330 U.S. 258, 290–93 (1947); *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986) ("a court has power to determine its own jurisdiction"). For all these reasons, the Court concludes that it must address the first-to-file issue before considering an automatic stay.

Under the first-to-file rule, "the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." *Cessna Aircraft Company v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965); *see also O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972). Citing principles of judicial comity and efficiency, Judge Blackburn stayed

proceedings in the United States District Court for the District of Colorado and deferred to this Court to determine which of the two lawsuits should proceed first.  It is uncontested that Plaintiffs were first to file in the District of New Mexico.  Furthermore, while a "district court may decline to follow the first-to-file rule . . . if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction," there is no indication in the case at hand that Plaintiffs' suit was anticipatory. *Baseball, Inc.*, 1999 WL 682883 at *3.  Consequently, under the first-to-file rule, the New Mexico action should proceed first.

> **B.     Automatic Stay**

Although the Court did not find the issue of an automatic stay controlling with regard to whether the case should proceed in this Court under the first-to-file rule, because this issue represents a quasi-jurisdictional question, it should be addressed as an initial matter as any actions by the Court in violation of an automatic stay could later be nullified.  The federal bankruptcy court with exclusive jurisdiction over the bankruptcy proceedings has the final word with regard to an automatic stay and can later deem a non-bankruptcy court's actions null and void for violating an automatic stay. *See Kalb v. Feuerstein*, 308 U.S. 433, 438–39 (1940); *Chao v. Hosp. Staffing Servs.*, 270 F.3d 374, 384 (6th Cir. 2001) ("Once a bankruptcy proceeding begins in one court, the concurrent jurisdiction of other courts is partially stripped. . . .  That is, if the automatic stay applies to an action directed at the debtor or its property, jurisdiction is exclusive in the bankruptcy court."); *Gruntz v. Cty of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1082–84 (9th Cir. 2000); *Raymark Indus. v. Lai*, 973 F.2d 1125, 1131–32 (3d Cir. 1992); *Ellis*, 894 F.2d at 372 (finding action by non-bankruptcy federal district court in violation of stay void for lack of jurisdiction); *In re Baldwin-United Corp. Litigation*, 765 F.2d 343, 347–49 (2d Cir. 1985) ("to whatever extent a conflict may arise between the authority of the Bankruptcy Court . . . and the authority of the District Court . . . ,

the equities favor maintenance of the unfettered authority of the Bankruptcy Court"); *In re Mid-City Parking, Inc.*, 332 B.R. 798, 803–04 (Bankr. N.D. Ill. 2005); *Fidelity Nat. Title Ins. Co., v. Franklin (In re Franklin)*, 179 B.R. 913, 924–26 (Bankr. E.D. Cal. 1995).

The issue of an automatic stay is currently pending before the United States Bankruptcy Court for the District of Colorado.  In her First Amended Adversary Complaint, the Trustee for the Bankruptcy Estate of CCI-F seeks enforcement of an automatic stay of the New Mexico action and an injunction against Plaintiffs pursuant to 11 U.S.C. § 362(a)(3). (Doc. 27-2.)  The Trustee also filed a Motion for Order of Contempt for Violation of Automatic Stay. (Doc. 27-3.)  The resolution of these matters will undoubtedly implicate many of the same issues presented by Defendant in the case at hand.  Furthermore, the Bankruptcy Court is in a better position to determine the applicability of an automatic stay. *See Assoc. of St. Croix Condo. Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir. 1982) ("Because it is the bankruptcy judge who is the most knowledgeable about the debtor's affairs, and about the effect that any judicial proceedings would have on the debtor's reorganization, it is essential that he make the determination as to whether an action against the debtor may proceed or whether the stay against such actions should remain in effect.").  Finally, if this Court were to make a determination with regard to an automatic stay, this ruling could later be nullified by the Bankruptcy Court.  Consequently, in the interest of judicial economy and efficiency, the Court temporarily stays the proceedings in the case at hand until the Bankruptcy Court makes a decision with regard to the applicability of an automatic stay.

## V.    CONCLUSION

First, the Court concludes that 11 U.S.C. § 362(a) does not preclude it from addressing the first-to-file issue before determining the applicability of an automatic stay.  Second, the Court concludes that, under the first-to-file rule, Plaintiffs' action before this Court should proceed before

the declaratory judgment action filed by Defendant in the United States District Court for the District of Colorado.  Finally, the Court concludes that judicial economy counsels a temporary stay of these proceedings until the Bankruptcy Court determines the applicability of an automatic stay.

**WHEREFORE,**

     **IT IS HEREBY ORDERED** as follows:

     1.  Between the two parallel federal court actions currently pending in the United States District Court for the District of Colorado and the United States District Court for the District of New Mexico, **THE NEW MEXICO ACTION SHOULD PROCEED FIRST**;

     2.  This action is **STAYED** pending a determination regarding the applicability of an automatic stay by the United States Bankruptcy Court for the District of Colorado;

     3.  The parties **SHALL NOTIFY** the Court of any pertinent orders entered by the Bankruptcy Court with regard to the applicability of an automatic stay.

                                       _____
                                       **ROBERT BRACK**
                                       **U.S. DISTRICT COURT JUDGE**