**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **DT LAND DEVELOPMENT, LLC,** a New Mexico Limited Liability Company; **TERRY D. CORLIS, Individually;** **DONALD R. VERNON, Individually; and** **CV LAND & DEVELOPMENT COMPANY, LLC,** a New Mexico Limited Liability Company, **Plaintiffs,** v. **WEST LB AG, a New York Branch,** a German Commercial Bank, **Defendant.** | No. Civ. 09-00844 RB WDS |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the parties' notice of an order regarding an automatic stay in bankruptcy filed by the United States Bankruptcy Court for the District of Colorado on November 16, 2010. (Docs. 36 & 37.) On October 5, 2010, this Court entered a temporary stay of the present action pending a determination by the Bankruptcy Court of the applicability of an automatic stay in bankruptcy to the case at hand. (Doc. 35 at 10.) As the Bankruptcy Court has concluded that the litigation constitutes a violation of the automatic stay, the Court continues the stay it put in place on October 5, 2010 until it receives notice of a final disposition of the bankruptcy proceedings or a lifting of the automatic stay.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

The present litigation arose out of a real estate development project conceived by Plaintiffs CV Land and Development Company, LLC and DT Land Development, LLC (CV and DT Land). To fund the project, CV and DT Land sought financing from Commercial Capital Inc. (CCI), which

made loans to CV and DT Land secured by the real estate development property. CCI then sold these loans to CCI Funding 1, LLC (CCI-F). Defendant West LB AG (West), a German banking corporation doing business in the United States, loaned money to CCI-F for the transaction, taking a security interest in the loans.

In April 2009, CCI and CCI-F filed for bankruptcy in the United States Bankruptcy Court for the District of Colorado. In an adversary complaint filed in the Bankruptcy Court, CCI-F's Trustee in Bankruptcy asserts the CV and DT Loans are in default and seeks to enforce and collect on the loans. Consequently, the ownership of these loans is at issue in the bankruptcy proceedings, and on November 16, 2010, the Honorable Michael E. Romero of the United States Bankruptcy Court for the District of Colorado issued an order stating that the loans represent property of the bankruptcy estate and an automatic stay in bankruptcy therefore applies to any litigation or other actions potentially affecting this property. (Doc. 36-1 at 5–6.)

This ruling by the Bankruptcy Court impacts the case at hand because it appears the present action is in violation of an automatic stay in bankruptcy. The Court stayed this case pending a determination by the Bankruptcy Court of the applicability of an automatic stay. (Doc. 35.) As requested, the parties notified the Court of the Bankruptcy Court's order (Docs. 36 & 37); however, the parties now disagree as to whether the Bankruptcy Court's order requires a dismissal of the action or a continuation of the stay.

**III.   ANALYSIS**

As noted in its memorandum opinion and order, the Bankruptcy Court has the final word with regard to the applicability of an automatic stay; accordingly, the Court must accept the Bankruptcy Court's determination that the present litigation constitutes a violation of an automatic stay. *See Kalb v. Deurerstein*, 308 U.S. 433, 438 (1940); *Chao v. Hosp. Staffing Servs.*, 270 F.3d

374, 384 (6th Cir. 2001); *Ellis v. Consolidated Diesel Electric Corp.*, 894 F.2d 371, 372 (10th Cir. 1990); *In re Duval County Ranch Co.*, 167 B.R. 848, 849 (Bankr. S.D. Tex. 1994).

The more difficult question, however, is whether dismissal of the pending litigation is appropriate. The applicability of an automatic stay to litigation outside the bankruptcy court is a quasi-jurisdictional issue, as Congress granted federal bankruptcy courts with exclusive jurisdiction over debtors and their property. *Kalb*, 308 U.S. at 438. Consequently, when a non-bankruptcy court takes an action in violation of the stay, that action is void *ab initio* and without effect. *Ellis*, 894 F.2d at 372. Essentially, the non-bankruptcy court is without jurisdiction to act, making its actions "not merely erroneous but [] beyond its power, void, and subject to collateral attack." *Kalb*, 308 U.S. at 438. Accordingly, it would appear the Court lacks jurisdiction to hear the case, and "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to a court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). Thus, "[a] federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Stanley v. Cent. Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir.1981) (internal citations omitted).

Yet, there are several cases from the Fifth and Tenth Circuits indicating that "just the entry of an order of dismissal, even if entered sua sponte, constitutes a judicial act toward the disposition of the case and hence may be construed as a 'continuation' of a judicial proceeding" in violation of the automatic stay. *Pope v. Manville Forest Products Corp.*, 778 F.2d 238, 239 (5th Cir. 1985). " '[A]bsent the bankruptcy court's lift of the stay, . . . a case such as the one before us must, as a general rule, simply languish on the court's docket until final disposition of the bankruptcy proceeding.' " *Ellis*, 894 F.2d at 373 (quoting *Pope*, 778 F.2d at 239). In the end, this appears to be

3

what the Tenth Circuit requires—that the Court continue the current stay of the proceedings without an order of dismissal or other action until a final disposition of the bankruptcy proceedings or a lifting of the stay by the Bankruptcy Court.  Consequently, the Court will continue the stay it put in place on October 5, 2010 until it receives notice of a final disposition of the bankruptcy proceedings or a lifting of the automatic stay.

**WHEREFORE,**

    **IT IS HEREBY ORDERED** that:

1.  The **STAY IS CONTINUED** until the Court receives notification of a final disposition of the bankruptcy proceedings or a lifting of the automatic stay; and

2.  The parties **SHALL NOTIFY** the Court of any orders by the Bankruptcy Court with regard to the final disposition of the bankruptcy proceedings or the lifting of the automatic stay.

*[signature]*
_____
**ROBERT BRACK**
**U.S. DISTRICT COURT JUDGE**